JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190

Attorney for Applicant,
JOHN DOE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| In re Ex Parte Application of | ) | Case No: 3:23-mc-80193 |
|---|---|---|
| | ) | |
| | ) | **APPLICANT'S ADMINISTRATIVE** |
| | ) | **MOTION TO FILE UNDER SEAL; TAKU** |
| JOHN DOE | ) | **INOUE'S DECLARATION IN SUPPORT** |
| Applicant. | ) | **OF ADMINISTRATIVE MOTION TO** |
| | ) | **FILE UNDER SEAL** |
| | ) | |
| | ) | |
| | ) | |

    Pursuant to N.D. Cal Civil Local Rule 7-11 and 79-5, Applicant JOHN DOE hereby submits this Administrative Motion to File Under Seal.

    Applicant moves to file under seal (1) Exhibits J attached to Ex Parte Application of John Doe (the "Application"), (2) Exhibits J attached to Declaration of Applicant John Doe in Support of the Ex Parte Application and (3) Exhibits J and J-a attached to Declaration of Chongho Lee in Support of Ex Parte Application (collectively the "Documents").

    As stated in the supporting declaration of Taku Inoue concurrently filed herewith, Applicant hereby moves to file under seal the Documents for the following reasons:

APPLICANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; TAKU INOUE'S DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL

-Page 1 of 7-

## I. LEGAL STANDARD

In the case of dispositive motions, the Courts generally require "compelling reasons" for motions to seal documents. See *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678, citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178. To seal judicial records, a movant must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Kamakana* at 1178–79. Application is Ex Parte Application under 28 U.S.C§1782 permitting discovery for use in foreign proceedings. §1782 application is a dispositive matter. *See CPC Patent Techs. PTY Ltd. v. Apple, Inc.,* 34 F.4th 801, 805.

## II. APPLICANT HAS COMPELLING REASONS FOR UNDER SEAL

Through the Application, the Applicant seeks to identify a wrongdoer operating certain Twitter Accounts "@suan_news" and "@suan_team" (collectively, the "Subject Accounts") who engaged in privacy invasion under Japanese tort law. The privacy invasion occurred by disclosure of direct messages on Twitter and of the information which could be taken to be Applicant's real name and Applicant's specific attributes such as the Applicant's occupation.

The right to privacy is protected by the Constitution of Japan Article 13. The Japanese tort law protects the right not to have a person's private life unnecessarily disclosed. If one's privacy is invaded, the person can claim damages arising from the disclosure against the wrongdoer under Japanese Civil Code Articles 709 and 710. In the case of disclosure of the information which could be taken to be a person's real name and his/her attributes such as specific occupation which can result in identification, the Courts in Japan take disclosing such information as an invasion of privacy seriously especially when the information owner is acting under an anonymous social media account.

**A. Applicant Has Legitimate Private Interests.**

Applicant is acting under an anonymous Twitter Account (@Midnight_Tokyo, the "Applicant's Account") and the public does not know the real identity of Applicant. Applicant

has never disclosed and does not intend to disclose his/her real name and specific personal information in public as an operator of the Applicant's Account.

Applicant has a right not to his/her private life unnecessarily disclosed under Japanese tort law. In the context here, the right is not to disclose the information which could be taken to be operator's real name and specific attributes such as occupation.

### B.  Injury Will Be Resulted If Sealing Is Denied.

Once this information is disclosed in public, the Applicant's right described hereinabove would be infringed as a privacy invasion.

As described in Application, now a part of disclosed information can be seen on Twitter, the articles pertaining to the identity of Applicant were posted by the, and the open chat created by the wrongdoer seeking to identify Applicant. If the Court allows the record to be viewable in public, the disclosed information will be spread widely. Also, combined with the direct messages disclosed by the wrongdoer on Twitter, unredacted Documents will cause Applicant further damage. Denying sealing would inevitably cause secondary damage against Applicant.

### C.  There is No Less Restrictive Alternative to Sealing.

The extent of the sealed part in the Documents is narrowly tailored to protect the Applicant's right to his/her privacy. Only the information which could be taken to be Applicant's real name, his/her photo, and his/her specific occupation are redacted.

Unless redacting this information, information which could lead to identification of an operator of the Applicant's will be revealed. That results in further invasion of Applicant's privacy. Thus, there is no less restrictive alternative to sealing.

### D.  The Applicant's Private Information Will be Promptly Expanded on the Internet If Sealing Is Denied.

In this case, the wrongdoer, by creating an open chat, encouraged and enticed Twitter users and readers of the articles to identify who is the operator of the Applicant's Account. As a result of the conduct, more than 1000 people joined the open chat eagerly seeking and providing information to identify Applicant as the operator of the Twitter Account.

APPLICANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; TAKU INOUE'S DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL

-Page 3 of 7-

Thus, there is high possibility that Applicant's private information such as real name and occupation will be promptly expanded on the Internet once the under-sealed information is disclosed in the court public record.

### E. There is Less Necessity for the Public Access to the Court Records.

Application is Ex Parte Application under 28 U.S.C§1782 permitting discovery for use in foreign proceedings. Here, the Court does not decide the cause of action pending under the U.S. court system. Therefore, the court records in this case have less connection with the common law right to inspect and copy public records and documents, including judicial records and documents. There is less necessity for public access to court records in the U.S.

Even considering the importance of the right to access to court records, this administrative motion only asks for sealing the information which can lead to identifying Applicant. The public can still obtain substantial information related to this case except for the information which could be taken to be the real name of Applicant and his/her attributes.

### III. CONCLUSION

For the reasons stated above, Applicant has compelling reasons for filing under-seal the Documents. Therefore, Applicant respectfully requests the Court grant his/her motion to file under seal the unredacted Documents.

Dated: July 20, 2023

Respectfully submitted,
MARSHALL SUZUKI LAW GROUP, LLP

By: _____
Junji Suzuki
Attorney for Applicant,
JOHN DOE