1  JUNJI SUZUKI (SBN 184738)
   junji@marshallsuzuki.com
2  MARSHALL SUZUKI LAW GROUP, LLP
3  230 California Street, Suite 415
   San Francisco, CA 94111
4  Telephone: (415) 618-0090
   Facsimile: (415) 618-0190
5  Attorney for Applicant,
6  JOHN DOE

7              UNITED STATES DISTRICT COURT
8              NORTHERN DISTRICT OF CALIFORNIA
9

| In re Ex Parte Application of | ) | Case No: 3:23-mc-80193 |
|---|---|---|
|  | ) | **APPLICANT'S MOTION FOR LEAVE** |
|  | ) | **TO PROCEED UNDER PSEUDONYM;** |
|  | ) | **MEMORANDUM OF POINTS AND** |
|  | ) | **AUTHORITIES; TAKU INOUE'S** |
| JOHN DOE | ) | **DECLARATION IN SUPPORT OF** |
| Applicant. | ) | **MOTION FOR LEAVE TO PROCEED** |
|  | ) | **UNDER PSEUDONYM** |
|  | ) |  |

16   Applicant John Doe ("Applicant) hereby moves this Court for an order permitting Applicant to proceed under the pseudonym "JOHN DOE" in the ex parte application (the "Application") concurrently filed herewith.

19   Applicant, through his/her Application pursuant to 28 U.S.C§1782, seeks to identify a wrongdoer who engaged in Applicant's privacy invasion under Japanese tort law in order to bring a lawsuit against the person. Applicant acts anonymously through his/her Twitter Account "@Midnight_Tokyo" (the "Applicant's Account") without revealing the real identity of Applicant. The wrongdoer, the identifying information of whom Applicant seeks against through the 28 U.S.C§1782 proceeding, by posting tweets and articles and by creating an open chat room, encouraged and enticed other Twitter users and readers of the articles to identify the operator of the Applicant's Account. As a result of such conduct, more than 1000 people joined the open chat, eagerly seeking and providing the information which could be taken to

APPLICANT'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES; TAKU INOUE'S DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

-Page 1 of 8-

be the Applicant's real name and his/her occupation and therefore could identify Applicant as the operator of Applicant's Account.

For the reasons stated below, Applicant seeks to maintain his/her anonymity during the Application proceeding.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  LEGAL STANDARD

The U.S. Court of Appeals for the Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058, 1068 (9th Cir. 2000). "[T]he district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm"; (2) "the reasonableness of the anonymous party's fears"; (3) "the anonymous party's vulnerability to such retaliation"; (4) "[t]he precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice"; and (5) "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068-1069 (internal citations are omitted).

### II.  APPLICANT'S NEED FOR ANONYMITY OUTWEIGHS PREJUDICE TO THE OPPOSING PARTY AND THE PUBLIC INTEREST IN KNOWING THE PARTY'S IDENTITY

For the reasons stated below, Applicant's need for anonymity outweighs prejudice to the opposing party and the public interest in knowing the party's identity.

#### A.  Importance of the Right to Privacy

Through the Application, the Applicant seeks to identify a wrongdoer operating certain Twitter Accounts "@suan_news" and "@suan_team" (collectively, the "Subject Accounts") who engaged in privacy invasion under Japanese tort law. The privacy invasion through the

APPLICANT'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES; TAKU INOUE'S DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

-Page 2 of 8-

Subject Accounts occurred upon disclosure of the information which could be taken to be the Applicant's real name and Applicant's specific attributes such as occupation.

The right to privacy is protected by the Constitution of Japan Article 13. The Japanese tort law protects the right not to have a person's private life unnecessarily disclosed. If one's privacy is invaded, the person can claim damages arising from the disclosure against the wrongdoer under Japanese Civil Code Articles 709 and 710. In the case of disclosure of information which could be led to be a real name and attributes which could result in identification of the person, the Courts in Japan treat disclosing such information as an invasion of privacy, especially when the person whose information was disclosed is acting anonymously through a social media account.

### B. Severity of the Harm Against Applicant

The wrongdoer in this case encouraged others to provide the information which could be led to revealing the Applicant's real name. This conduct already constitutes a privacy invasion under the Japanese tort law as provided in the above and the Application.

Furthermore, once the "Applicant's true name" is disclosed to the public, the infringement of the Applicant's right to privacy would be severer. In this case, the wrongdoer, by creating an open chat, enticed other Twitter users and readers of the articles to identify the operator of the Applicant's Account. The chat room was made for fun, with no justified purpose. As a result of such conduct, more than 1000 people joined the open chat, eagerly seeking and providing the information which could be led to revealing the Applicant's real name and his/her occupation and therefore could identify Applicant as the operator of Applicant's Account.

Due to the extraordinary situation, there is a high possibility that Applicant's private information such as real name will be promptly expanded on the Internet once Applicant proceeds with the Application under the real name.

If the public, especially the people who saw the Twitter posts and the articles by the wrongdoer or joined the open chat, comes to know the Applicant's real name, the public

would almost certainly start to seek and find the Applicant's personal information other than real name, which results in further privacy invasion against Applicant. If this happens, the harm would be irreparable.

Furthermore, disclosure of Applicant's real name will cause severer damage to Applicant combined with the direct messages disclosed by the wrongdoer on Twitter.

### C. Dilution and Nullification of Relief

Through the Application, Applicant is seeking discovery to acquire the information to identify the wrongdoer (an operator of the Subject Accounts) to bring a lawsuit for damages against him/her based on privacy invasion under Japanese torts law.

The core reason for the privacy invasion is the wrongdoer's encouraging disclosure of the information which could be led to reveal the Applicant's real name.

Unless the U.S. Court allows proceeding with this case under the pseudonym, the value of judicial relief to be sought in Japan will be diluted or nullified by public reaction to the Applicant. Moreover, it is inhabitable to result in the second damage against Applicant.

### D. High Possibility of Retaliation by the Wrongdoer

As discussed, the threatened harm against Applicant is severe. Applicant reasonably fears that the wrongdoer operating the Subject Accounts retaliates against Applicant if the Applicant's real name is publicly revealed. The wrongdoer not only created a chat room attempting to identify the owner of the Applicant's Account, but also intentionally publicly disclosed the private conversation with Applicant on Twitter Direct Message, created a new Twitter account solely for the purpose of discussing and attempting to identify the owner of the Applicant's Account, and posted articles referring to the identification of Applicant. In such special circumstances, the wrongdoer's hostility and obsession towards Applicant is clear. The Applicant is vulnerable to retaliation. Applicant does not know the wrongdoer's name and any other information identifying him/her. Thus, Applicant has no legal means to stop the present and future unlawful conducts by the wrongdoer in Japan unless the Application under 28 U.S.C§1782 is successfully granted.

APPLICANT'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES; TAKU INOUE'S DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

-Page 4 of 8-

Therefore, there is a high possibility of retaliation by the wrongdoer.

### E. No Opposing Party Under the Application

The Application is Ex Parte Application under 28 U.S.C§1782 permitting discovery for use in foreign proceedings. The court decides whether the subpoena can be issued for use in a Japanese lawsuit on an ex parte basis and no opposing party is involved.

Furthermore, the wrongdoer does not need to know the identification of Applicant to file any objection against issuing the subpoena. Once a lawsuit is brought against the wrongdoer in Japan, he/she can discover the Applicant's real name in the lawsuit.

### F. Less Need for Public Interest

When balancing the factors to determining proceeding under pseudonym, the courts need to decide "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id. a*t 1068.

As provided above, the substantial claim of invasion of privacy will be brought against the wrongdoer in Japan, not in the U.S. The court will determine whether the discovery is allowed, not whether there has been a privacy invasion. Therefore, no public interest is served by revealing the real name of Applicant to the public.

### III. CONCLUSION

For the reasons stated above, Applicant's "need for anonymity outweighs the prejudice to the opposing party and the public interest in knowing the party's identity" *Id.*1068. Therefore, Applicant respectfully requests the Court grant his/her motion for leave to proceed under a pseudonym.

Dated: July 20, 2023

Respectfully submitted,
MARSHALL SUZUKI LAW GROUP, LLP

By: _____
Junji Suzuki
Attorney for Applicant,
JOHN DOE

APPLICANT'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES; TAKU INOUE'S DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM