# DECLARATION OF TAKU INOUE

I, Taku Inoue, declare as follows:

1. I submit this declaration in support of Applicant's Motion for Leave to Proceed Under Pseudonym. I have personal knowledge of each matter stated herein.

2. I am an attorney duly licensed to practice law in Japan. Applicant John Doe ("Applicant") retained me and my law firm to initiate a civil lawsuit against those liable for privacy invasion under Japanese law as soon as their identities have been ascertained through this discovery under 28 U.S.C. §1782.

3. Through the Ex Parte Application, Applicant operating an anonymous Twitter Account (@Midnight_Tokyo) seeks to identify a wrongdoer operating certain Twitter Accounts "@suan_news" and "@suan_team" who engaged in privacy invasion under Japanese tort law.

4. The right to privacy is protected by the Constitution of Japan Article 13. The Japanese tort law protects the right not to have a person's private life unnecessarily disclosed. If one's privacy is invaded, the person can claim damages arising from the disclosure against a wrongdoer under Japanese Civil Code Articles 709 and 710. In the case of disclosure of information which could be taken to be a person's real name and his/her attributes such as specific occupation which can result in identification, the Courts in Japan take disclosing such information as an invasion of privacy seriously especially when the person whose information was disclosed is acting anonymously through a social media account.

5. The public does not know the real identity of the Applicant's Account. Applicant has never disclosed and does not intend to disclose his/her real name and specific personal information in public as an operator of the Applicant's Account.

6. Applicant has a right not to his/her private life unnecessarily disclosed under Japanese tort law. In the context here, the right is not to disclose information that could be taken to be the operator's real name and specific attributes such as occupation.

7. Here, the wrongdoer, by posting tweets and articles and by creating an open chat, encouraged and enticed Twitter users and readers of the articles to identify who is the operator of the Applicant's Account. More than 1000 people joined the open chat eagerly seeking and providing information which could be taken to be the Applicant's name and his/her attributes such as occupation. The chat room was made for fun, with no justified purpose.

8. Based on my investigation into this matter, the wrongdoer's encouraging disclosure of the information which could be taken to be the Applicant's real name and his/her specific attributes would constitute a privacy invasion under Japanese tort law.

9. The wrongdoer not only created the chat room, but also intentionally publicly disclosed the private conversation with Applicant on Twitter Direct Message, created a new Twitter account solely for the purpose of discussing and attempting to identify the owner of the Applicant's Account, and posted articles referring to the identification of Applicant. The wrongdoer has hostility and obsession towards Applicant. The disclosure of the private direct messages on Twitter also constitutes a privacy invasion under Japanese tort law.

10. Applicant does not know the wrongdoer's real name and any other information identifying him/her. Applicant has no legal means to stop the present and future unlawful

conducts by the wrongdoer in Japan unless the Application under 28 U.S.C§1782 is successfully granted.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 20, 2023          By: /s/ Taku Inoue

Taku Inoue