UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>X CORP.,<br><br>　　　　Defendant. | Case No. 23-mc-80193-SK<br><br>**ORDER DENYING APPLICANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**<br><br>Regarding Docket Nos. 2, 8 |

This matter comes before the Court on the Administrative Motion to File Under Seal (the "Administrative Motion"), (Dkt. No. 2), and subsequent Motion for Leave to Proceed Under Pseudonym, (Dkt. No. 8), filed by applicant John Doe ("Applicant").

This case arises from Applicant's ex parte application to obtain discovery from defendant X Corp. ("Defendant") pursuant to 28 U.S.C. § 1782 for use in a Japanese court proceeding. (Dkt. No. 1 at 1.)

Having reviewed Applicant's motions and the supporting arguments, Applicant's Administrative Motion to File Under Seal and Motion for Leave to Proceed Under Pseudonym are hereby DENIED. The Court will address each in turn.

## ANALYSIS

### A. Applicant's Administrative Motion to File Under Seal (Dkt. No. 2)

Courts considering motions to seal recognize a "strong presumption in favor of access [a]s the starting point," applying a "compelling reasons" standard for most motions to seal. *AIU Ins. Co. v. McKesson Corp.*, 598 F.Supp.3d 774, 799 (N.D. Cal. 2022) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). While a less exacting "good cause"

1  standard applies to some nondispositive motions related to discovery, nondispositive motions that
2  are "more than tangentially related to the merits of a case" are subject to the compelling reasons
3  standard. *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F.Supp.3d 994, 1021 (N.D.
4  Cal. 2018) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.
5  2016), *cert. denied*, 137 S. Ct. 38 (2016)).

6      Here, Applicant seeks to seal material filed with their ex parte application under 18 U.S.C.
7  § 1782, which Applicant concedes is a dispositive motion warranting application of the
8  compelling reasons standard. (Dkt. No. 2 at 2). "Under this stringent standard, a court may seal
9  records only when it finds a compelling reason and articulates the factual basis for its ruling,
10 without relying on hypothesis or conjecture," and must then "conscientiously balance the
11 competing interests of the public and the party who seeks to keep certain judicial records secret."
12 *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (cleaned up). Examples of such compelling reasons
13 include "when a court record might be used to gratify private spite or promote public scandal, to
14 circulate libelous statements, or as sources of business information that might harm a litigant's
15 competitive standing." *Id.* (internal quotation marks omitted).

16     A party's motion to seal in this district must also comply with Civil Local Rule 79-5,
17 which supplements the "compelling reasons" standard. *McKesson Corp.*, 598 F.Supp.3d at 779.
18 Under Civil Local Rule 79-5, a party seeking to conceal information by filing it under seal "must
19 explore all reasonable alternatives to filing documents under seal, minimize the number of
20 documents filed under seal, and avoid wherever possible sealing entire documents." Civil L.R.
21 79-5(a). The motion to seal must include a specific statement of the applicable legal standard and
22 the reasons for keeping a document under seal, including an explanation of 1) the legitimate
23 private or public interests that warrant sealing; 2) the injury that will result if sealing is denied; and
24 3) why a less restrictive alternative to sealing is not sufficient. Civil L.R. 79-5(c)(1). The motion
25 must also include evidentiary support from declarations as necessary, and a proposed order that is
26 narrowly tailored to seal only the sealable material and which lists in table format each document
27 or portion thereof that the party seeks to seal. Civil L.R. 79-5(c)(2), (3).

28     Applicant's motion fails to satisfy the compelling reasons standard as supplemented by

1  Civil Local Rule 79-5.  As a threshold matter, Applicant has failed to list each document or
2  portion thereof that Applicant seeks to seal in table format in the proposed order as required by
3  Civil Local Rule 79-5.  (*See* Dkt. No. 2-2.)  More substantively, Applicant's argument turns on the
4  legitimacy of the interest in preventing a purportedly injurious invasion of privacy that would
5  result from having Applicant's identity associated with a particular Twitter account.  (Dkt. No. 2 at
6  2-3.)  Applicant asserts that such an association between Applicant and this Twitter account would
7  amount to an invasion of privacy under the Japanese Constitution and Japanese tort statutes but
8  produces no more specific authority for this proposition.  Applicant also provides no specifics
9  about the nature or severity of the injury that will occur if these documents are not sealed,
10  claiming only that "[i]f the Court allows the record to be viewable in public, the disclosed
11  information will be spread widely," which "will cause Applicant further damage," including
12  "secondary damage."  (Dkt. No. 2 at 3.)

13  Applicant's motion thus does not articulate any of the reasons that courts in the Ninth
14  Circuit have recognized as compelling in deciding whether to seal documents in the judicial record
15  (much less provide this Court a factual basis for its decision that would not rely on hypothesis or
16  conjecture).  The motion does not explain how, for example, the association between Applicant
17  and the aforementioned Twitter account could be used to "gratify private spite or promote public
18  scandal, to circulate libelous statements, or as sources of business information that might harm a
19  litigant's competitive standing."  *Ctr. for Auto Safety*, 809 F.3d at 1097 (cleaned up).  The bare
20  assertion in the Administrative Motion that failure to seal will result in a prima facie violation of
21  substantive Japanese privacy law that would injure Applicant – lacking in both citation to
22  authority to persuade the Court that such a disclosure would in fact invade Applicant's protected
23  privacy interests under Japanese law and specifics as to the nature and severity of the injury
24  Applicant fears–fails to satisfy the "compelling reasons" standard.

25  **B. Applicant's Motion for Leave to Proceed Under Pseudonym (Dkt. No. 8)**
26  While the "use of fictitious names runs afoul of the public's common law right of access to
27  judicial proceedings," courts in the Ninth Circuit "have permitted parties to proceed anonymously
28  when special circumstances justify secrecy."  *Does I thru XXIII v. Advanced Textile Corp.*, 214

3

F.3d 1058, 1067 (9th Cir. 2000). Use of a pseudonym is justified in the "unusual case" where "nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68. More specifically, "a party may preserve his or her anonymity in judicial proceedings in special circumstances where the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

Applicant urges the Court to apply *Advanced Textile*'s multifactor test for cases where "pseudonyms are used to shield the anonymous party from retaliation." *Id.*; (Dkt. No. 8 at 2.) This test evaluates 1) the severity of the threatened harm; 2) the reasonableness of the anonymous party's fears; and 3) the anonymous party's vulnerability to such retaliation. It also requires the court to determine the precise prejudice at each stage of the proceedings to the opposing party and decide whether the public's interest in the case would be best served by requiring that the litigants reveal themselves. *Advanced Textile*, 214 F.3d at 1068.

Applicant's assessment of the severity of the harm threatened by proceeding under Applicant's own name largely retreads the ground covered in Applicant's Administrative Motion. Applicant argues that disclosing "Applicant's true name" would constitute a severe "infringement of the Applicant's right to privacy" in large part because of the "high possibility that Applicant's private information such as real name will be promptly expanded on the Internet once Applicant proceeds with the Application under the real name." (Dkt. No. 8 at 3.) As a result, "if the public . . . comes to know the Applicant's real name, the public would almost certainly start to seek and find the Applicant's personal information other than real name," a "further privacy invasion against Applicant" whose "harm would be irreparable." (*Id.* at 3-4.)

While a party seeking to proceed under a pseudonym need not necessarily allege a fear of threatened severe physical harm, vague allegations of threats and harassment that fail to cite a specific harm are insufficient to satisfy the first factor of the *Advanced Textile* test. *Doe v. Texaco, Inc.*, No. C06-02820, 2006 WL 2850035, at *5 (N.D. Cal. Oct. 5, 2006). Applicant's warning of a prima facie violation of Japanese law's privacy protections fails to constitute a harm severe enough to satisfy this factor. Insofar as Applicant appears to fear threats and harassment arising

4

from disclosure of Applicant's identity, "the insinuation is that the harm would be quite severe," but Applicant "never state[s] this explicitly," thus failing to allege a severe harm on these grounds that would satisfy this factor. *Id.*

The second *Advanced Textile* factor, the reasonableness of the anonymous party's fears, is an objective test. *Id.* Applicant's motion claims that Applicant fears retaliation "if the Applicant's real name is publicly revealed," but does not specify what form that retaliation would take beyond identification of Applicant and Applicant's association with the aforementioned Twitter account. (Dkt. No. 8 at 4.) This factor is not satisfied where, as here, Applicant fails to identify specific retaliatory threats but instead "make[s] circuitous references to vague threats" and fails to make clear why a particular party "would want to harm" them. *Texaco*, 2006 WL 2850035, at *5.

The third *Advanced Textile* factor, the anonymous party's vulnerability to retaliation, tends to turn on whether a party's status or the substance of the facts about them in the case at bar would place them in a particularly vulnerable position following disclosure of their identity. *See, e.g.*, *Advanced Textile*, 214 F.3d at 1072 (nonresident foreign worker); *Doe v. Roblox Corp.*, 602 F.Supp.3d 1243, 1251 n.1 (N.D. Cal. 2022) (minor child); *Doe v. Lee*, No. C 13-04029, 2014 WL 630936, at *2-3 (N.D. Cal. Feb. 18, 2014) (victim of child sexual abuse); *U.S. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (prisoner serving as government witness). Applicant's argument regarding this factor consists of one sentence: "The Applicant is vulnerable to retaliation." (Dkt. No. 8 at 4.) This fails to make the required showing. Applicant gives no reason why their status or the facts about them contained in the case would place Applicant in a particularly vulnerable position were their identity to be attached to this action. Accordingly, this factor is not satisfied.

The applicability of the fourth *Advanced Textile* factor, prejudice to defendants, is unclear where, as here, Defendant is merely the custodian of information that Applicant wishes to acquire under 28 U.S.C. § 1782. However, this Court has found that a party's failure to satisfy the first three factors makes it impossible to satisfy the fourth factor, as any amount of prejudice to defendants cannot be outweighed where, as here, the moving party is unable to establish a prima facie need for anonymity. *See Texaco*, 2006 WL 2850035, at *6.

Finally, the fifth *Advanced Textile* factor, whether a party's need for anonymity outweighs

the public interest in knowing the party's identity, does not favor Applicant here. "When anyone – local or foreign, invokes the potential power and authority of a United States District Court, the public has a legitimate right to know on whose behalf their institutions are being used, unless good cause to do otherwise is shown." *Id.* Applicant attempts to reverse this burden, arguing that no public interest will be served by revealing Applicant's name in this case because Applicant seeks only to acquire information to be used in a substantive tort proceeding in Japan. (Dkt. No 8 at 5.) But it is Applicant who must show good cause to conceal Applicant's identity and deviate from the default of public access to judicial records identifying litigants. *Texaco*, 2006 WL 2850035, at *6. As with the fourth *Advanced Textile* factor, because Applicant has failed to make the required showing under prevailing Ninth Circuit law that this is an unusual case where anonymity is warranted, "[s]uch good cause has not been shown in this case." *Id.*

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Applicant's Administrative Motion to File Under Seal (Dkt. No. 2) and Motion for Leave to Proceed Under Pseudonym (Dkt. No. 8).

**IT IS SO ORDERED**.

Dated: August 21, 2023



SALLIE KIM
United States Magistrate Judge